**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| DERRICK H. WHITE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-1559-MJP-JRM |
| ) | |
| v. ) | |
| ) | |
| JOHN M. MCHUGH, ) | |
| Secretary, Department of the Army, ) | |
| ) | |
| Defendant. ) | |
| _____) | **REPORT AND RECOMMENDATION** |
| | |
| DERRICK H. WHITE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-2271-MJP-JRM |
| ) | |
| v. ) | |
| ) | |
| JOHN M. MCHUGH, ) | |
| Secretary, Department of the Army, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

*Pro se* Plaintiff, Derrick H. White ("White"), filed these two cases in connection with his discharge as a civilian employee at Fort Jackson. Presently before the Court is Defendant's motion to dismiss pursuant to Rule 37, Fed.R.Civ.P., because White failed to appear for his deposition after having been ordered to do so by the Court. Review of the record demonstrates bad faith on the part of White with respect to Defendant's attempts to depose him, and it is therefore recommended that Defendant's motions be granted.

Discovery in civil cases filed in this Court is governed by the Federal Rules of Civil Procedure. Those rules are applicable to all litigants including those who are *pro se*. The rules

provide for liberal pretrial discovery. According to Rule 26(b)(1), "(p)arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A party may take an oral deposition of another party without leave of the Court by serving a "notice" on the opposing party. *See* Rule 30, Fed.R.Civ.P. Sanctions may be imposed by the Court on a party who refuses to appear for a properly noticed deposition. Rule 30(d)(2).

The record before this Court shows the following with respect to Defendant's attempts to depose White:

1. Defendant served a proper notice on White to appear for his deposition to be taken at the Office of the United States Attorney on May 10, 2010 at 10:00 a.m. For a reason yet to be explained, the notice contained the following language: "You may attend if you see fit to do so." (Def.Mem., Ex. 2).

2. The transcript from the deposition shows that White did not appear, nor did he contact counsel for Defendant with an explanation as to his non-appearance. (Def.Mem., Ex. 3).

3. On May 10, 2010, Defendant filed a motion to extend discovery in order to make another effort to depose White. White did not respond to the motion.

4. Because of the unusual language inserted in the deposition notice quoted above, the undersigned scheduled a hearing for May 20, 2010 on Defendant's motion to explain to White that his appearance at his deposition was not voluntary. White did not appear for the hearing.

5. On May 20, 2010, the undersigned issued an order granting Defendant's motion to extend discovery and ordering White to appear for a deposition on June 9, 2010. The

order specifically warned White that if he failed to appear for the deposition, his cases could be dismissed pursuant to Rule 37, Fed.R.Civ.P.

6. On the day before the deposition, June 8, 2010, White filed a motion for protective order asserting that "deposition attendance was an option" based on the language contained in the deposition notice quoted above.

7. White did not appear for his deposition on June 9, 2010. (Def.Mem., Ex. 6).

8. On June 9, 2010, Defendant filed a motion to dismiss as sanction for failing to appear for the deposition.

9. Because White is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued advising him of his responsibility to respond to the motion to dismiss. White has not responded to the motion.

10. A hearing on the motion to dismiss was held on August 3, 2010. Again, White failed to appear. The undersigned requested that Defendant file a supplemental memorandum to specifically address the effect of the motion for protective order filed by White on the motion to dismiss.

11. Defendant filed the supplemental memorandum on August 13, 2010, but failed to discuss the issue of the motion for protective order.

### Discussion

**1. Motion for Protective Order**

A party may move for a protective order in limited circumstances. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c)(1), Fed.R.Civ.P. The burden is on the party seeking

protection to show "good cause" by making a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991).

White has failed to demonstrate "good cause" with respect to his motion for protective order. He cites only the language from the notice he received for the May 10, 2010 deposition as the reason for protection. He makes no assertion that he is entitled to a protective order based on the criteria set forth in Rule 26. The order issued after the hearing of May 20, 2010 (at which White failed to appear) clearly ordered White to appear and warned him of the consequences of not appearing. Even if White was justified in not appearing at the May 10 deposition on the assumption that the language made his appearance optional, there was no such language in the order of May 20. Therefore, the grounds stated by White in his motion for protective order do not establish "good cause."

Further, the last-minute motion for protective order does not excuse White from his obligation to comply with the order of the Court. Federal Aviation Administration v. Landy, 705 F.2d 624, 634-635 (2d Cir. 1983), *cert. denied* 464 U.S. 895 (1983). A deponent is relived of appearance only if the protective order is issued prior to the scheduled deposition. Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964), *cert. denied* 380 U.S. 956 (1965). "Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear." *Id.*

The motion for protective order filed by White is, therefore, **denied**.

**2. Motion to Dismiss**

Defendant has moved to dismiss these cases pursuant to Rule 37(b)(2)(A)(v), Fed.R.Civ.P. because White did not appear for his last deposition after having been ordered to do so by the Court.

4

White neither responded to the motion nor appeared for the hearing before the undersigned on the motion. When considering a Rule 37 motion for sanctions, the Court should determine whether the non-complying party acted in bad faith, the amount of prejudice, the need for deterrence, and the effectiveness of less drastic sanctions rather than dismissal. Mutual Federal Sav. & Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

    a. Bad Faith

The undersigned finds that White has acted in bad faith throughout these proceedings. He has failed to respond to motions, attend hearings, and attend properly noticed depositions. Further, based on the above discussion, the undersigned concludes that White filed the motion for protective order in a bad faith attempt to avoid his deposition.

    b. Prejudice

Defendant has been greatly prejudiced because White has failed to attend his depositions. The record shows that Defendant was required to pay a court reporter on two occasions when White failed to appear for his deposition. Defendant has been unable to question White under oath as to the basis for his allegations.

    c. Deterrence

White's actions have caused Defendant to schedule two depositions and the Court to schedule two hearings, none of which were attended by White. Such obduracy must be deterred to allow the Court to expend limited judicial services to those who wish to follow the rules.

    d. Other Sanctions

Given White's failure and refusal in bad faith to participate in the prosecution of his case, the undersigned finds that sanctions less drastic than dismissal would not be effective.

**Conclusion**

Plaintiff's motion for protective order is **denied**. Based on the above discussion, it is recommended that Defendant's motion for sanctions be **granted** and the cases **dismissed, with prejudice.**

Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

September 3, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).